IN THE UNITED STATES DISTRICT COURT **FILED**
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

OCT 3 1 2005

U.S. DISTRICT COURT
^RKSRURG WV 26?

JEAN CLAUDE JONASSAINT,

      Petitioner,

v.

                                                CIVIL ACTION NO. 1:05cv68
                                                (Judge Keeley)

KEVIN J. WENDT,

      Respondent.

## ORDER AFFIRMING THE MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

### I. Background

On April 19, 2005, <u>pro se</u> petitioner Jean Claude Jonassaint ("Jonassaint"), an inmate at FCI Gilmer, filed an Application for Habeas Corpus pursuant to 28 U.S.C. §2241. On May 18, 1999, Jonassaint was arrested for conspiracy to possess with intent to distribute cocaine and cocaine base in violation of 21 U.S.C. §841(a)(1), (b)(1)(A)(ii) and (iii) and 21 U.S.C. §846. On March 28, 2000, Jonassaint was sentenced to three-hundred and twenty-eight (328) months of confinement and remanded to the custody of the Federal Bureau of Prisons ("BOP"). Jonassaint claims that the BOP improperly calculated his good conduct time ("GCT") by calculating his GCT based on his time served instead of his term of imprisonment. Based on the sentence imposed, Jonassaint contends that he is entitled to 1472 days of GCT instead of the 1286 days of GCT as determined by the BOP. Jonassiant states that he has not pursued the GCT issue through the administrative remedy process

## ORDER ACCEPTING THE MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

provided by the BOP because filing this type of grievance would be futile.

The Court referred this matter to Magistrate Judge James E. Seibert in accordance with Local Rule of Prisoner Litigation Procedure 83.09. On April 26, 2005, the magistrate judge directed the respondent to show cause why the writ should not be granted. On May 25, 2005, the respondent filed a Motion to Dismiss or In the Alternative to Stay Proceedings and Brief in Support Thereof, stating that the petition should be dismissed because the petitioner did not exhaust his administrative remedies, or in the alternative, the case should be stayed because the BOP's policy on calculation of GCT was before the Fourth Circuit Court of Appeals for review. On July 5, 2005, the respondent filed a supplemental motion to dismiss, stating that the petition should be denied in light of the Fourth Circuit's recent holding that the BOP's policy on calculation of GCT is reasonable and should be given deference. Yi v. Federal Bureau of Prisons, 412 F.3d 526 (4th Cir. June 17, 2005).

On July 11, 2005, Magistrate Judge Seibert issued a Report and Recommendation, recommending that the Court dismiss Jonassaint's petition and grant the respondent's supplemental motion to

## ORDER ACCEPTING THE MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

dismiss.[1] Relying on the holding in <u>Yi</u>, the magistrate judge concluded that the BOP properly calculated the petitioner's GCT based on time served instead of the sentence imposed. On July 21, 2005, Jonassaint timely filed several objections to the Report and Recommendation. He contends that a time served construction of 18 U.S.C. §3624 becomes less plausible when the statute is read as a whole. Jonassaint also asserts that Congress uses "term of imprisonment" in section 3624 and in other statutes to reference the "sentence imposed." He further argues that, if the Court finds the statute is ambiguous, it must apply the rule of lenity and construe the ambiguous statute in his favor.

With respect to Jonassaint's 328-month sentence, he states that a single year sentence is significantly different from a multi-year sentence in calculating GCT. He also asserts that the magistrate judge's interpretation of section 3624 effectively repeals the statute by implication. For these reasons, Jonassaint asserts that the BOP was incorrect in calculating his GCT based on

---

[1] Magistrate Judge Seibert found that requiring the petitioner to exhaust his administrative remedies concerning the GCT issue would be futile. Furthermore, as a result of the June 17, 2005 Fourth Circuit opinion in <u>Yi v. Federal Bureau of Prisons</u>, 412 F.3d 526 (4th Cir. 2005), Magistrate Judge Seibert found the respondent's motion to stay the proceeding was moot. Therefore, the magistrate judge recommended that the Court deny the respondent's May 25, 2005 motion to dismiss.

### ORDER ACCEPTING THE MAGISTRATE JUDGE'S
### REPORT AND RECOMMENDATION

time served instead of his 328-month sentence.

## II. Discussion

The sole issue raised in the current petition is whether the BOP properly calculated Jonassaint's GCT based on his time served. 18 U.S.C. §3624(b). As noted earlier, the Fourth Circuit recently upheld the BOP's policy in Yi v. Federal Bureau of Prisons, holding that the "BOP has reasonably interpreted [3624(b)] so as to require the calculation of GCT based upon the inmate's time served." 412 F.3d at 526. In Yi, the defendant was serving a 151-month sentence for his role in a conspiracy to violate the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §1962. Id. He pointed out that Congress refers to the "term of imprisonment" on three occasions in the first sentence of 18 U.S.C. §3624(b)(1) and asserted that on the first two occasions Congress clearly references the sentence imposed. Id. at 529. Thus, as Jonassaint does here, he argued that a specific term could not change its meaning within the same sentence to reference time served, and contended that the court must apply the rule of lenity and construe section 3624 in his favor if the statute is ambiguous. Id. at 535.

The Fourth Circuit stated that Yi's construction of 18 U.S.C. §3624(b) was plausible, but stated that it could not find that the statutory language unambiguously compelled only the petitioner's

4

## ORDER ACCEPTING THE MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

interpretation. Id. at 530. Rather, it concluded that awarding credit for time not served would conflict with the intent of Congress to require prisoners "earn" credit under the GCT statute for exemplary compliance with institutional disciplinary regulations during each year of their imprisonment. Id. Similarly, it found that the statute authorizes the BOP to award lesser credit, or none at all, if it determines that a prisoner has failed to comply with disciplinary regulations during a year. Id. Accordingly, the Fourth Circuit determined that the statute was ambiguous and held that the BOP's interpretation of 18 U.S.C. §3624(b), to require the calculation of GCT based upon the inmate's time served, is a reasonable one. Id. at 354.

The Fourth Circuit also found that it did not have to resort to the rule of lenity in deciding Yi because the BOP Program Statement 5880.28 provides the public with sufficient notice that GCT shall be awarded based upon time actually served; thus, no one should mistake the ambit of the law or its penalties. Id. at 535. Furthermore, the court stated that because Congress has charged the BOP with administering 18 U.S.C. §3624, a court should defer to the agency's reasonable construction. Id.

In light of the Fourth Circuit's deference to the BOP's construction of section 3624(b), Jonassaint's objections to the

5

## ORDER ACCEPTING THE MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

magistrate judge's findings are unavailing. Accordingly, the Court **DENIES** the respondent's May 25, 2005 Motion to Dismiss or In the Alternative Motion to Stay Proceedings (dkt no. 6) **AS MOOT,** and **GRANTS** respondent's July 5, 2005 Supplemental Motion to Dismiss (dkt no. 7). Therefore, the Court **AFFIRMS** the magistrate's judge's report and recommendation, **OVERRULES** Jonassaint's objections and **DISMISSES** his petition **WITH PREJUDICE.**

It is so **ORDERED.**

The Clerk is directed to mail a copy of this Order to the petitioner.

DATED: October _____*31*_____, 2005

IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE